Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed in the superior court of chancery to recover the amount of several open accounts. Answers were filed, which were also framed to operate as demurrers.
*79 It is not easy to perceive under what head of equity jurisdiction the cause can be placed. The demands sought to be recovered are all plainly legal demands, unconnected with any lien or trust, which could give a court of chancery jurisdiction. There is no fraud in the case. There is no ground for the assumption in argument, that it is a proceeding in rem. The bill is not framed with any such view. It claims a general balance of account, and claims to have it satisfied out of a particular estate, but it shows no lien or incumbrance upon the estate, nor any right to proceed against it, which does not exist in every instance where credit is given to any one who owns property or estate of any kind.
The very exhibits, too, filed with the bill, defeat the recovery. The accounts are all made out against Burr Garland. Nearly all of them arose before the sale of the estate to Samuel Garland. They constituted no charge upon the estate. There is no allegation of any direct undertaking, upon the part of Samuel Garland, to pay them. He could not be rendered liable for them, unless by direct agreement in writing.
Exceptions were filed to the answer of Samuel Garland, and sustained to some extent. He was directed to answer over, but failed to do so, and a pro confesso order was thereupon taken against him. This order could not justify a decree against him, unless a state of case is made out by the bill, which rendered him liable in this mode of proceeding. We have endeavored to show that this was not done, and that the demurrer was a full answer to the whole bill. To hold that the court of chancery might render a decree in this case, would be to enlarge its jurisdiction beyond any known limit.
Decree reversed, and bill dismissed.